**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 19-cv-02818-DDD-KLM

CAROL NICHOLS, on behalf of herself and similarly situated employees,

    Plaintiff

v.

DENVER HEALTH AND HOSPITAL AUTHORITY

    Defendants.

## ANSWER

Defendant Denver Health and Hospital Authority ("Defendant"), by and through its counsel, Lewis Brisbois Bisgaard & Smith LLP, hereby submits its Answer to Plaintiffs' Complaint and Jury Demand ("Complaint").  Defendant denies each and every allegation contained in the Complaint that is not specifically admitted below.

### NATURE OF THE ACTION

The allegations and summary contained in the "Nature of the Action" section of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations directed at Defendant.

### JURISDICTION AND VENUE

1.    Defendant admits that jurisdiction in this court is proper.  Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2.    Defendant admits that jurisdiction in this court is proper.  Defendant denies the

remaining allegations in Paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff provided a notice of claims and preservation notice to Defendant. Defendant further admits that the notice is a written communication which contents speak for itself. Defendant denies the allegations in Paragraph 3 of the Complaint to the extent they are inconsistent with the notice.

4. Defendant is without sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint and therefore denies same.

5. Defendant is without sufficient information to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies same.

6. The allegations in Paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6 of the Complaint.

## PARTIES

7. Defendant is without sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies same.

8. Defendant is without sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint and therefore denies same.

9. Defendant is without sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies same.

10. The allegations in Paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint. Defendant further affirmatively states that Plaintiff was employed

by Defendant as an Employee Relations Investigator.

11. The allegations in Paragraph 11 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11 of the Complaint.

12. The allegations in Paragraph 12 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12 of the Complaint.

## GENERAL ALLEGATIONS

13. Defendant admits that it hired Plaintiff as an Employee Relations Investigator effective January 1, 2017. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 13 of the Complaint and therefore denies same.

14. Defendant is without sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint and therefore denies same.

15. Defendant is without sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies same.

16. Defendant is without sufficient information to admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies same.

17. Defendant is without sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint and therefore denies same.

18. Defendant is without sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint and therefore denies same.

19. Defendant is without sufficient information to admit or deny the allegations in

Paragraph 19 of the Complaint and therefore denies same.

20. Defendant admits that it hired Michelle Fournier-Johnson as Chief Human Resources Officer in 2017. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 20 of the Complaint and therefore denies same.

21. Denied.

22. Defendant admits that Michelle Fournier-Johnson hired Sheila Paukert as the Associate Chief Human Resources Officer. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Defendant admits that Plaintiff met with Sheila Paukert in the course of her duties as an Employee Relations Investigator. Defendant denies the remaining allegation in Paragraph 29 of the Complaint.

30. Defendant is without sufficient information to admit or deny the allegations in Paragraph 30 of the Complaint and therefore denies same.

31. Defendant admits that it hired Jill Damman as the Employee Relations Director, a role in which she supervised Plaintiff. Defendant denies the remaining allegations in Paragraph 31 of the Complaint.

32. Denied.

33. Denied.

34. Defendant is without sufficient information to admit or deny the allegations in Paragraph 34 of the Complaint and therefore denies same.

35. Defendant is without sufficient information to admit or deny the allegation that Plaintiff requested permission to volunteer on a Diversity and Inclusion Project and therefore denies same. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36. Defendant is without sufficient information to admit or deny the allegations in Paragraph 36 of the Complaint and therefore denies same.

37. Defendant is without sufficient information to admit or deny the allegations in Paragraph 37 of the Complaint and therefore denies same.

38. Defendant admits that Plaintiff and Jill Damman had a working relationship. Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39. Defendant is without sufficient information to admit or deny the allegations in Paragraph 39 of the Complaint and therefore denies same.

40. Defendant admits that Plaintiff submitted a request to work from home multiple days per week for an indefinite period as an accommodation. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 40 of the Complaint and therefore denies same.

41. Defendant is without sufficient information to admit or deny the allegations in Paragraph 41 of the Complaint and therefore denies same.

42. On information and belief, Defendant denies the allegations in Paragraph 42 of the

Case 1:19-cv-02818-DDD-KLM   Document 15   Filed 12/02/19   USDC Colorado   Page 6 of 14

Complaint.

43. Defendant admits that on June 21, 2019, Jill Damman requested a meeting with Plaintiff. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 43 of the Complaint and therefore denies same.

44. Defendant admits that, at the June 21, 2019 meeting, Jill Damman informed Plaintiff that she was being terminated for making material misstatements in an investigative report. Defendant further admits that, despite several prior opportunities to explain the deficiencies in the investigative report, at the June 21, 2019 meeting, Plaintiff, for the first time, offered excuses for preparing a false report. Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

45. Defendant admits that, in the course of the June 21, 2019 meeting, Plaintiff requested that Defendant pursue an alternative to termination. Defendant specifically denies the allegation that Jill Damman stated she did not make the decision to terminate Plaintiff, that Jill Damman cried during the meeting, or that the meeting lasted two hours. Defendant denies the remaining allegations in Paragraph 45 of the Complaint.

46. Denied.

47. Defendant admits that, on June 28, 2019, Jill Damman completed an Accountability Based Performance document explaining the basis for Plaintiff's termination. Defendant further admits that Plaintiff's termination was categorized within "Overall Job Performance," but denies that Plaintiff was terminated for any reason other than the reporting of false information regarding an investigation.

48. Plaintiff admits that Plaintiff received a rating of "Successful" on her March 6, 2019

Performance Appraisal.  Defendant further admits that Plaintiff has quoted from the Performance Appraisal.  Defendant affirmatively states that the best evidence of the Performance Appraisal is the entire document, rather than specific excerpts cited by Plaintiff.

49. Denied.

## Count I:
## Unlawful Disparate Treatment Discrimination Under Title VII

50. Paragraph 50 of the Complaint is a general incorporation paragraph to which no response is required.  To the extent a response is required, Defendant incorporates by reference all admissions and denials as set forth in previous paragraphs as if set forth herein.

51. The allegations in Paragraph 51 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant admits that Plaintiff's most recent Performance Appraisal rated her as successful.  Defendant denies the remaining allegations in Paragraph 52 of the Complaint and affirmatively states that Plaintiff was terminated for falsifying a report on an investigation.

53. Defendant admits that Plaintiff was terminated without engaging in a "performance rehabilitation process."  Defendant affirmatively states that such processes do not apply to the circumstances of Plaintiff's termination.

54. Denied.

55. Denied.

56. Denied.

57. Denied.[1]

58. Denied.

59. Denied.

### Count II: Race Discrimination in Violation of 42 U.S.C. § 1981

60. Paragraph 60 of the Complaint is a general incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference all admissions and denials as set forth in previous paragraphs as if set forth herein.

61. The allegations in Paragraph 61 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant admits that Plaintiff's most recent Performance Appraisal rated her as successful. Defendant denies the remaining allegations in Paragraph 62 of the Complaint and affirmatively states that Plaintiff was terminated for falsifying a report on an investigation.

63. Defendant admits that Plaintiff was terminated without engaging in a "performance rehabilitation process." Defendant affirmatively states that such processes do not apply to the circumstances of Plaintiff's termination.

64. Denied.

65. Denied.

66. Denied.

---

[1] Paragraph 57 and the following paragraphs in the Complaint are incorrectly numbered starting at "55." Defendant refers to all such paragraphs in the order in which they appear in the Complaint.

67. Denied.

68. Denied.

69. Denied.

### Count III: Unlawful Disparate Impact Discrimination under Title VII

70. Paragraph 70 of the Complaint is a general incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference all admissions and denials as set forth in previous paragraphs as if set forth herein.

71. Defendant admits that certain positions in Denver Health's Human Resources department require a bachelor's degree.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

### Count IV: Unlawful Retaliation Under Title VII

77. Paragraph 77 of the Complaint is a general incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference all admissions and denials as set forth in previous paragraphs as if set forth herein.

78. Defendant admits that Plaintiff participated in external investigations at the behest of Defendant. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 78 of the Complaint and therefore denies same.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

### Count V: Unlawful Failure to Accommodate in Violation Section 102(b)(5) of the ADA, 42 U.S.C. § 12112(b)(5)

84. Paragraph 84 of the Complaint is a general incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference all admissions and denials as set forth in previous paragraphs as if set forth herein.

85. Defendant is without sufficient information to admit or deny the allegations in Paragraph 85 of the Complaint and therefore denies same.

86. Defendant admits that Plaintiff submitted a request for an accommodation of working from home two days per week, but denies that Plaintiff's request was on a temporary basis. Defendant affirmatively states that Plaintiff's request for accommodation was handled by different employees who had no role in the decision to terminate Plaintiff.

87. Denied.

88. Defendant admits that Plaintiff informed Defendant shortly before her termination that she conducted interviews via telephone. Defendant denies that Plaintiff's requested accommodation, as originally framed, was feasible without imposing an undue hardship.

89. Denied.

90. Denied.

### Count VI: Unlawful Termination in Violation of Section 102(b)(1) of the ADA, 42 U.S.C. § 12112(b)(1)

91. Paragraph 91 of the Complaint is a general incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference all admissions and denials as set forth in previous paragraphs as if set forth herein.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

### Count VII: Unlawful Retaliation Under the ADA, 42 U.S.C. § 12203(a)

96. Paragraph 96 of the Complaint is a general incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference all admissions and denials as set forth in previous paragraphs as if set forth herein.

97. The allegations in Paragraph 97 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 97 of the Complaint.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

### Count VIII: Promissory Estoppel

103. Paragraph 103 of the Complaint is a general incorporation paragraph to which no response is required. To the extent a response is required, Defendant incorporates by reference all

admissions and denials as set forth in previous paragraphs as if set forth herein.

104. Defendant is without sufficient information to admit or deny Paragraph 104 of the Complaint and therefore denies same.

105. Denied.

106. Defendant is without sufficient information to admit or deny Paragraph 106 of the Complaint and therefore denies same.

107. Defendant is without sufficient information to admit or deny Paragraph 107 of the Complaint and therefore denies same.

108. Denied.

109. Denied.

## **PRAYER FOR RELIEF**

Defendant denies each and every claim for relief made by Plaintiff.

## **AFFIRMATIVE DEFENSES**

The following affirmative defenses are asserted upon information and belief. Defendant is not assuming the burden of proving any fact, issue, or element of a cause of action where such a burden properly belongs to Plaintiffs, and nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations. Defendant reserves the right to assert additional affirmative defenses should subsequent discovery or disclosure so require.

1. Plaintiffs' Complaint, and each claim for relief alleged, fails to state a claim upon which relief can be granted.

2. Plaintiff failed to complete all prerequisites to filing this suit.

3. Any injuries, losses or damages suffered by Plaintiff were the result of Plaintiff's wrongdoing.

4. Plaintiff has failed to reasonably mitigate her alleged damages, if any.

5. Plaintiff's claims, or parts thereof, are barred by the doctrine of waiver, estoppel and ratification.

6. Plaintiff's claims are barred by the doctrine of laches.

7. Defendant acted at all times in good faith.

8. Defendant did not knowingly, willfully, or recklessly violate any applicable state or federal law.

9. Plaintiff lacks standing to assert some or all of the claims contained in the Complaint.

10. Plaintiff cannot meet the requirements to bring a class action under Fed. R. Civ. P. 23.

11. Defendant reserves the right to assert any additional affirmative defenses or to withdraw one or more of the defenses set forth above as appropriate after further investigation and discovery pursuant to the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully requests this Court enter one or more judgments and/or orders in its favor:

a. Dismissing the Complaint with prejudice;

b. Awarding Defendant its reasonable attorney's fees, costs and expenses incurred in defending against this action, pursuant to applicable law; and

c. Granting to Defendant such other and further relief as is just, warranted and reasonable under the circumstances.

Dated: December 2, 2019        Respectfully Submitted,

                             By:    *s/ Benjamin Warren Hudgens*
                                       Alice Conway Powers (#47098)
                                       Jon Jay Olafson (#43504)
                                       Benjamin Warren Hudgens (#51476)
                                       LEWIS BRISBOIS BISGAARD & SMITH LLP
                                       1700 Lincoln Street, Suite 4000
                                       Denver, Colorado 80203
                                       Phone: (303) 861-7760
                                       Fax: (303) 861-7767
                                       Email: Alice.Powers@lewisbrisbois.com
                                                    Jon.Olafson@lewisbrisbois.com
                                                    Benjamin.Hudgens@lewisbrisbois.com
                                       *Attorneys for Defendant Denver Health*
                                       *and Hospital Authority*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2019, a true and correct copy of the **ANSWER** was served via CM/ECF system which will send notification of the filing to the following:

Merrily S. Archer, Esq., M.S.W.
EEO Legal Solutions LLC
600 17th Street, Suite 2800-S
Denver, CO 80202
archerm@eeolegalsolutions.com

                                                         */s/ Benjamin Warren Hudgens*
                                                         A duly signed original is on file at the Law
                                                         Offices of LEWIS BRISBOIS