IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02818-DDD-KLM

CAROL NICHOLS, on behalf of herself and
similarly situated employees,
Plaintiff(s),
v.
DENVER HEALTH AND HOSPITAL
AUTHORITY,
Defendant.

ORDER ON REASONABLENESS OF DEFENDANT'S ATTORNEYS' FEES

ENTERED BY SPECIAL MASTER JANE G. EBISCH, ESQ.

This matter is before the Master pursuant to the Order Appointing Master for Discovery dated August 11, 2020 [#74], and the Order on Pending Discovery Motions [#86], entered on September 14, 2020.

The Special Master has reviewed the Affidavit of Jon J. Olafson of Attorneys' Fees and Costs Pursuant to ECF No. 86 [#95], and Plaintiff's Objection to the Special Master's Attorneys' Fee Order [#100].   Oral argument would not materially assist in the resolution of this matter. For the following reasons, the Special Master ORDERS Plaintiff's counsel, Merrily Archer ("Ms. Archer or Attorney Archer") to pay Defendant its attorneys' fees in the amount of $7,516.00.

In determining the reasonableness of attorneys' fees, a Court first determines the "lodestar," meaning the product of hours reasonably expended times a reasonable hourly rate. The lodestar is presumed to be a reasonable rate, although it is subject to adjustment by the Court.  *See Wyles v. Sussman*, 2019 WL 8223568 at *2 (D.Colo. Jan. 2, 2019).  In determining

the reasonableness of the hours and rates, courts often apply the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

Defendant's proposed "lodestar" is $9,752.00 for fees incurred relating to the defense of Jill Damman's deposition and work relating to the Motion for Sanctions. It is comprised of a total of 41 hours at rates varying from $260/hr. to $225/hr. for three different attorneys. Defendant outlined its attorneys' itemized billing by date for each task. Defendant also noted in its Affidavit that it had additional time spent, which was not included in its Affidavit, for researching and also redacting the deposition transcript. Defendant also appears to note, in Affidavit, ¶16 (#95) that although the deposition took 8.6 hours, additional time was spent setting up the deposition, and discussing the deposition with deponent, Ms. Damman. Affidavit, ¶¶16, 20 (#95). It appears that Mr. Hudgens did not bill for this additional time with the client, but that Mr. Olafson did bill an additional 1.6 hours for this client time.

Plaintiff concedes the reasonableness of Defendant's fees except for two matters: 1) she contends that it was not reasonable for Defendant's counsel, Jon J. Olafson, Esq. to charge for his time preparing for and attending the deposition of Ms. Damman because that time is duplicative of Mr. Hudgens' time actually defending the deposition, and 2) she contends that Defendant's time totaling 17.3 hours to prepare the Motion for Sanctions was not reasonable because the matter did not involve any difficult legal issues, and because the attorneys appeared to bill at a higher rate for performing paralegal-like tasks. Plaintiff's Objection, pp. 2-3 (#100).

The Special Master agrees with Plaintiff, and Plaintiff's expert, J. Ryan Johnson, Esq., regarding Mr. Olafson's duplicative billing for attending Ms. Damman's deposition. Mr. Olafson did not participate in the deposition. However, the Special Master finds that Mr. Olafson's billing of an additional 1.6 hours on June 30, 2020, the date of the deposition, to spend

time with his client and Ms. Damman, was reasonable. Therefore, the Special Master finds that it is reasonable for the Defendant to have charged for 1.6 hours, at $260/hr., or a total of $416.00 for Mr. Olafson's time on June 30, 2020. Therefore, the Special Master orders that $2,236.00 attributed to Mr. Olafson's time attending the deposition, which was defended by Mr. Hudgens, should be deducted from the total amount billed by Defendant for time spent by attorneys on June 30, 2020.

With regard to Plaintiff's remaining objections, the Special Master finds all other time spent, amounts billed, and particularly the billing rates, are reasonable. The preparation of the Motion for Sanctions involved combing through a 296-page deposition transcript, and picking out salient sections either for quotation or citation. This type of work must be performed by counsel, and it is particularly time-consuming. Even if Plaintiff believes the law supporting Defendant's Motion for Sanctions is not complex or difficult, the Special Master appreciates the fact that it takes more time to prepare a pleading which is short, concise and to-the-point, than it does to write a lengthy, stream-of-consciousness brief.

For the foregoing reasons, the Special Master FINDS that Defendant's attorneys' fees in the amount of $7,516.00 relating to its Motion for Sanctions is reasonable, and ORDERS that Merrily S. Archer, Esq., counsel for Plaintiff, shall pay Defendant's attorneys' fees to Defendant within 10 days of the date of this Order.

DATED:  October 2, 2020                    BY THE SPECIAL MASTER:

<u>/s/ Jane G. Ebisch, Esq.</u>