IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02818-DDD-KLM

CAROL NICHOLS, on behalf of herself and similarly situated employees,

    Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion and Corrected Application for Leave to Proceed In Forma Pauperis** [#117][1] (the "Motion"). Defendant filed a Response [#135] in partial opposition to the Motion [#117], and Plaintiff filed a Reply [#145]. The Motion [#117] has been referred to the undersigned for resolution. *See* [#118]. Based on the following, the Court **RECOMMENDS** that the Motion [#117] be **DENIED**.[2]

An application to proceed in forma pauperis ("IFP") is governed by 28 U.S.C. § 1915. This section provides, in pertinent part:

    (a) (1) Subject to subsection (b), any court of the Untied States may

---

[1] "[#117]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] Pursuant to D.C.COLO.LCivR 72.1(b)(5), "[a] magistrate judge may . . . make determinations and enter appropriate orders under 28 U.S.C. § 1915, except to enter an order denying a request to proceed in forma pauperis . . . ." Accordingly, the undersigned issues a Recommendation here.

> authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. . . .

28 U.S.C. § 1915.  Plaintiff here is not a "prisoner" as defined in this section, but the Tenth Circuit Court of Appeals has made clear that "[s]ection 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also Salgado–Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013).  "In order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312-13 (citation omitted).

The Tenth Circuit has stated that proceeding IFP in a civil case "is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).  The decision to grant or deny IFP status lies within the "wide discretion" of the Court. *Cabrera v. Horgas*, 173 F.3d 863, 863 (10th Cir. 1999) (citations omitted).  The Court evaluates "an application to proceed [IFP] . . . in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008).  Among the factors a court may consider in making this determination are "the nature of the mandatory and discretionary demands on the applicant's financial resources," *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002), and the degree to which the plaintiff's monthly income exceeds her monthly obligations, *Scherer*, 263 F. App'x at 669.

Before turning to the specifics of Plaintiff's financial information, the Court provides

several examples of cases in which IFP status has been determined to be inappropriate. In *Bateman v. Nexstar Media Group, Inc.*, No. 2:18-cv-00815-DBB, 2020 WL 6927287, at *1 (D. Utah Nov. 5, 2020), a Magistrate Judge found that the plaintiff had not demonstrated a financial inability to pay filing fees based on the financial information he had provided to the court:

> Mr. Bateman has a monthly income of $1,327.70 and does not identify any dependents. Mr. Bateman has approximately $185 in a bank account and his asset list includes a 2010 Volkswagen Jetta which he values at $2,000. Mr. Bateman's monthly expenses, including rent, telephone, utilities, cable, insurance, and credit card payments, total $827.71. Plaintiff allocates remaining funds to miscellaneous "domestic expenses" without indicating costs. Mr. Bateman paid his filing fee in this case before without complaint and his application fails to explain what, if any, changes in circumstance occurred to render him unable to pay the filing fee now. Overall, the court finds that Mr. Bateman is not indigent and is capable of paying the fees and costs associated with his appeal without undue financial hardship.

(internal footnote omitted). In *Brewer v. City of Overland Park Police Department*, 24 F. App'x at 979, the Tenth Circuit held that the plaintiff, whose "monthly income exceed[ed] his monthly expenses by a few hundred dollars" according to his self-provided financial information, appeared to have sufficient income to pay filing fees, and thus was not entitled to IFP status. In *Westgate v. Astrue*, No. 08-4136-JAR, 2008 WL 5110906 at *1 (D. Kan. Dec. 2, 2008), the court denied a motion to proceed IFP where "total monthly income from all sources exceed[ed] [the plaintiff's] monthly expenses by $364.00," meaning that the plaintiff "would be able to pay the filing fee in th[e] case by using his discretionary income from one month."

Here, Plaintiff states that, on average, she has received $3,818.00 per month over the past twelve months, and the income expected for December 2020 specifically is

$5,758.00. *Financial Affidavit* [#117-1] at 1-2.[3] Her gross monthly pay from January 2017 to June 2019 was $7,206.00. *Id.* at 2. At the time of the filing of the Motion [#117], she had $4,208.00 in her bank accounts. *Id.* She has no assets such as a home or a motor vehicle. *Id.* at 3. She has two dependents, her two minor grandchildren. *Id.* Her monthly expenses total $3,593.00. *Id.* at 4-5. Plaintiff notes that her attorney has defrayed her legal expenses and that an online GoFundMe account was started to help with litigation costs but had to be used for basic living expenses incurred prior to the start of her long-term disability income. *Id.* at 6.

Based on the information provided, the Court cannot find that Plaintiff meets the threshold for IFP status. First, Plaintiff's average income over the past twelve months is $225 greater than her mandatory and discretionary monthly expenses. *See Brewer*, 24 F. App'x at 979; *Westgate*, 2008 WL 5110906 at *1. Second, Plaintiff previously paid the filing fee in this case without seeking leave to proceed IFP, and she has not explained how her circumstances have changed since that time. *See Bateman*, 2020 WL 6927287, at *1. Third, Plaintiff's income appears to have increased since the filing of this lawsuit rather than decreased. *See* [#117-1] at 6 (discussing the start of her long-term disability benefits), 1-2 (showing that her expected income in December 2020 is $5758.00 compared to an average monthly income over the previous twelve months of $3,818.00). The latest increase in Plaintiff's income would give her approximately $2,165.00 of income per month over the

---

[3] The Court notes that Plaintiff was permitted to filed a corrected financial affidavit after observing some apparent discrepancies in the original affidavit. *Minute Order* [#115].

stated amount of her monthly expenses, at least for the month of December 2020.[4]

In addition, the Court notes that IFP status primarily confers two financial benefits on a litigant: (1) the ability to proceed without paying filing fees, see 28 U.S.C. § 1915(a); and (2) service of the summons and complaint by the United States Marshals Service, see 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).[5] Both of these steps in the litigation process have long since been completed in this case. IFP status does not permit a litigant to avoid other fees. *See, e.g.*, *Hooper v. Tulsa Cnty. Sheriff Dep't*, 113 F.3d 1246 (Table), 1997 WL 295424, at *2 (10th Cir. 1997) (holding that the plaintiff's IFP status did not permit the court to order payment of witness fees or deposition expenses).

Plaintiff argues that "the Magistrate Judge's propensity[6] to appoint private special masters prejudices employment discrimination plaintiffs who cannot afford their fees, necessitating that Plaintiff proceed in forma pauperis."[7] *Reply* [#145] at 2. Plaintiff's request to proceed IFP has come thirteen months after the filing of this lawsuit, three

---

[4] There is no indication whether this is expected to be a permanent or a temporary increase in her monthly income.

[5] IFP status also gives a court the discretion to direct the government to pay expenses relating to: "(1) printing the record on appeal in any civil or criminal case . . . ; (2) preparing a transcript of proceedings before a [United States magistrate judge] in any civil or criminal case . . . ; and (3) printing the record on appeal . . ." 28 U.S.C. § 1915(c). However, none of these circumstances appear to be at issue at this time.

[6] Plaintiff's use of the word "propensity" is inaccurate and more evidence of Plaintiff's counsel's continuing efforts to insult and demean the Court. In my more than 13 years' service as a Magistrate Judge, I have handled well more than 5,000 civil cases. I have appointed Special Masters for discovery in seven cases, including Plaintiff's.

[7] The Court notes that, although Plaintiff partially objected to the appointment of a special master in response to the Court's Notice [#60] of proposed appointment of a special master, *see Objections* [#66], Plaintiff did not file an objection with the District Judge to the undersigned's Order [#74] referring this case to a special master to resolve discovery disputes. *See* Fed. R. Civ. P. 72(a) (providing, in part: "A party may serve and file objections to [a pretrial] order within 14 days after being served with a copy.").

months after appointment of a Special Master to handle discovery disputes, and two months after the Special Master first split her fees between Defendant, Plaintiff, and Plaintiff's counsel.[8]  *See* [#86] at 24-25.  The Court is aware of no authority—and Plaintiff has provided none—which would require the Court to adjust the Special Master's fees or to alter who pays those fees based on Plaintiff's IFP status, especially where, as here, the request for IFP status was filed only after those fees were imposed.  Fed. R. Civ. P. 53(g)(3) directs the Court to allocate payment of the Special Master's fees "among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master."  The allocation of the Special Master's fees is an issue which has been independently discussed by the Special Master, by the undersigned, and by the District Judge in several orders.  *See, e.g.*, *Orders* [#86, #111, #127].  Indeed, all three explicitly discussed Plaintiff's presumed indigence, even in the absence of a motion seeking IFP status.  *See Order* [#86] at 14; *Order* [#111] at 5; *Order* [#127] at 6-7.  In short, the Court is aware of no legal authority permitting the Court to consider whether Plaintiff should be permitted to proceed IFP due to the imposition of Special Master's fees.

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#117] be **DENIED**.

IT IS HEREBY **ORDERED** that, pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

---

[8] The Court notes that some of the Special Master's fees were imposed directly on Plaintiff's counsel, and the required payment of such fees is not impacted based on the outcome of this Motion [#117].  *See Order* [#86] at 24-25.

objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  December 23, 2020

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge