**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 19-cv-02818-DDD-KLM

CAROL NICHOLS, on behalf of herself and
similarly situated employees,

    Plaintiff

    v.

DENVER HEALTH AND HOSPITAL AUTHORITY

    Defendants.

**UNOPPOSED MOTION TO STRIKE AND SUBSTITUTE ECF NOS. 146-13 & 147-13**

Defendant Denver Health and Hospital Authority, ("Defendant"), through its counsel, Lewis Brisbois Bisgaard & Smith, LLP, hereby submits this Motion to Strike and Substitute ECF Nos. 146-13 & 147-13, and respectfully states as follows:

**CONFERRAL CERTIFICATE PURSUANT TO D.C.COLO.L CivR 7.1**

Pursuant to D.C.COLO.LCivR 7.1, Defendant has conferred with Plaintiff regarding the relief requested herein. Plaintiff does not oppose the instant motion.

**MOTION**

Defendant files this motion to strike and substitute ECF Nos. 146-13 & 147-13. The record in question consists of handwritten notes taken by Jill Damman that relate to the subject matter of this case. The version of this record filed by Plaintiff contains information that is subject to the attorney-client privilege at bates label DHHA017468. On July 6, 2020, Defendant sent Plaintiff a

clawback letter for this record.[1]  Exhibit A, July 6, 2020, Clawback Letter.  That same date, Defendant provided a privilege log and redacted copy of the pertinent record.  *Id.* at 1; Exhibit B, DHHA017460 – DHHA017469 (DHHA017468 Redacted).[2]

The applicability of privilege to the relevant record was addressed in submittals to the Special Master in this case.  *See* ECF No. 67 at 10-12.  The Special Master considered Defendant's clawback and the substance of Defendant's assertion of privilege and determined that the hand-written notes were subject to privilege.  ECF No. 86 at 21-23.  Plaintiff did not object to the Special Master's order in this regard.  *See generally* ECF No. 97 (objecting to ECF No. 86 on other grounds).  Accordingly, there can be no dispute that the record in question is privileged and was appropriately clawed back.

The parties to this case have agreed to several orders related to the handling of inadvertently disclosed privileged materials.  *See* ECF Nos. 21; 34.  Of particular relevance is the Joint Stipulated Limited Protective Order in this matter.  ECF No. 34.  That order provides a clawback provision, which provides that a producing party, upon learning of inadvertent production, must "within a reasonable time" notify opposing counsel of the claim and provide a basis for the privilege.  *Id.*

---

[1] Defendant had already notified Plaintiff's counsel of its clawback of the document on the record during the deposition of Jill Damman.

[2] Pursuant to the terms of the Protective Order in this matter, Exhibit B is filed under seal in this matter.  Defendant intends to file an appropriately limited motion to restrict on or before December 30, 2020, 14 days from Plaintiff's Response to Defendant's Motion for Summary Judgment as required under the local rules.  That motion will address this record to the extent necessary.

at 11, ¶ 27.  Within three days thereafter, opposing counsel is obligated to "recall and destroy or return" the relevant record.[3]  *Id.*

Pursuant to the July 6, 2020, clawback letter, Plaintiff was obligated to "recall and destroy or return" the unredacted copy of DHHA017468 on or before July 9, 2020.  Instead, on December 16, 2020, Plaintiff filed a copy of the unredacted record as an exhibit to her response to summary judgment.  ECF Nos. 146-13, 147-13.

Accordingly, Defendant requests that the Court strike the as-filed copies of DHHA017460-DHHA017469 at ECF Nos. 146-13 & 147-13, and substitute Exhibit B to this motion, which is an identical record, but contains the appropriately redacted copy of DHHA017468.

## CONCLUSION

Accordingly, Defendant requests the Court strike ECF Nos. 146-13 & 147-13 and substitute the attached Exhibit B.

---

[3] As of July 17, 2020, Plaintiff counsel refused to destroy the pertinent record and stated that she intended to submit an unredacted copy of the record for "in camera review."  Defendant objected to Plaintiff's failure to comply with the protective order.  It is now clear that Plaintiff did not destroy the record in question.

4820-4261-0389.2                                    3

Dated this 28th day of December, 2020.

/s/Benjamin W. Hudgens
Alice Conway Powers, Esq.
Benjamin W. Hudgens
Jon Olafson
Lewis Brisbois LLP
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
(720) 292-2028 (direct)
(303) 861-7767 (fax)
Alice.powers@lewisbrisbois.com
Jon.Olafson@lewisbrisbois.com
Benjamin.Hudgens@lewisbrisbois.com
www.lewisbrisbois.com

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/Benjamin W. Hudgens

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2020, a true and correct copy of the foregoing was served via CM/ECF system which will send notification of the filing to the following:

Merrily S. Archer, Esq., M.S.W.
EEO Legal Solutions LLC
600 17th Street, Suite 2800-S
Denver, CO 80202
archerm@eeolegalsolutions.com

                                                         */s/ Benjamin W. Hudgens*
                                                         A duly signed original is on file at the Law Offices of LEWIS BRISBOIS

.