**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 19-cv-02818-DDD-KLM

CAROL NICHOLS, on behalf of herself and
similarly situated employees,

    Plaintiff

    v.

DENVER HEALTH AND HOSPITAL AUTHORITY

    Defendants.

**MOTION TO RESTRICT**

Defendant Denver Health and Hospital Authority, ("Defendant"), through its counsel, Lewis Brisbois Bisgaard & Smith, LLP, hereby submits this Motion to Restrict ("Motion"), and respectfully states as follows:

**I.    CONFERRAL CERTIFICATE PURSUANT TO D.C.COLO.L CivR 7.1**

Pursuant to D.C.COLO.LCivR 7.1, Defendant has conferred with counsel for Plaintiff who states that Plaintiff opposes the relief requested herein.

**II.    INTRODUCTION**

While the parties have previously litigated disputes over confidential materials, the focus of such briefing – and the Special Master's ruling regarding same – focused on the fact that such materials were submitted in support of discovery motions and, accordingly, did not raise significant concerns regarding public access. ECF No. 110 at 6-10.

On November 25, 2020, Defendant submitted its motion for summary judgment in this matter. ECF No. 130. Defendant does not seek to restrict any of the exhibits submitted as attachments to its motion.[1] On December 16, 2020, Plaintiff filed her response to Defendant's motion for summary judgment and attached 25 exhibits, many of which had been designated as confidential under the Protective Order in this matter. ECF No. 146; *see also* ECF No. 34, Joint Stipulated Limited Protective Order.

While Defendant has attempted to diligently protect the identities of non-parties in the discovery stages of this litigation, Defendant recognizes that there is a significant public interest in matters presented to the Court for ruling on summary judgment. Many of the materials referenced by Plaintiff, while highly sensitive, are central to the facts surrounding Plaintiff's termination – Plaintiff was an employee relations investigator and was terminated for falsely reporting that she had interviewed the subject of a harassment complaint.

Accordingly, in the instant motion, Defendant does not seek to restrict the bulk of the materials submitted by Plaintiff, notwithstanding prior confidentiality designations. Instead defendant seeks only to restrict two categories of material: (1) ECF No. 146-16, a collection of anonymous complaints submitted against Denver Health employee Sheila Paukert; and (2) deposition references to prior complaints made against Dr. Barry Platnick. The following are the pertinent records:

1. ECF No. 146-9 – excerpts from the June 30, 2020, Deposition of Jill Damman. A redacted copy is attached hereto as Exhibit A.

---

[1] Defendant requested that the exhibits temporarily be restricted, which the Court permitted. Plaintiff elected not to seek to permanently restrict any of those records.

2. ECF No. 146-10 – excerpts from the July 1, 2020, Deposition of Sheila Paukert. A redacted copy is attached hereto as Exhibit B.

3. ECF No. 146-15 – excerpts from the June 26, 2020 Deposition of Vanessa Vargas. A redacted copy is attached hereto as Exhibit C.

4. ECF No. 146-16 – collected anonymous complaints related to Sheila Paukert. No redacted copy is submitted as Defendant asserts that this record should be kept under seal in its entirety.

The references Defendant seeks to restrict are summarized in the attached Exhibit D, which is filed under seal, and relate to just four of the exhibits submitted by Plaintiff in support of summary judgment, and only 23 pages of deposition testimony – out of hundreds submitted by Plaintiff.[2] Defendant believes that these references should be restricted as they are irrelevant to this litigation and highly sensitive for the parties involved.

### III.    LEGAL STANDARD

While there is a presumption that documents essential to the judicial process are to be available to the public, access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997). These principles are reflected in D.C.COLO.LCivR 7.2.

Pursuant to Local Rule 7.2(c), a party who seeks to restrict access must make a multipart showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not

---

[2] The Special Master previously directed the parties to brief any future disputes over restrictions with greater particularity. Defendant intends Exhibit D to provide the requested granularity, but is happy to submit a separate record in any format upon the Court's request.

adequate. D.C.COLO.LCivR 7.2(c)(1)-(4). Designation of a document as confidential under a Protective Order is probative, but not dispositive, of whether the document will be restricted from public access. *Evanston Ins. Co. v. Aminokit Labs., Inc.*, Civil Action No. 15-cv-02665-RM-NYW, 2016 U.S. Dist. LEXIS 192656, at *3-5 (D. Colo. Aug. 24, 2016) (citing D.C.COLO.LCivR 7.2(c)(2)). There is a strong public interest in having access to materials that were presented to and considered by the Court in making rulings. The party who seeks to restrict access bears the significant burden of demonstrating that individual privacy interests in non-disclosure are sufficient to outweigh the substantial public interest in access. *See generally Riker v. Federal Bureau of Prisons*, 315 Fed.Appx. 752, 754-55 (10th Cir. 2009).

## IV. ARGUMENT

Plaintiff's claims in this case include claims for race discrimination and failure to accommodate under the ADA. Discovery involved extensive requests for sensitive information related to non-parties, including disputed requests for the personnel files of Dr. Barry Platnick and Sheila Paukert. In an effort to protect the parties and various non-parties from improper disclosure of sensitive information, the parties filed a Stipulated Joint Motion for Entry of a Limited Protective Order on March 13, 2020. ECF No. 31. The Court granted the motion and entered the Joint Stipulated Limited Protective Order ("Protective Order") on March 17, 2020. ECF No. 34.

All of the records discussed below were appropriately designated as confidential or highly confidential under the terms of the operative Protective Order. The Special Master further found that Plaintiff had waived her right to object to the designation of such materials. ECF No. 110 at 7-8. Defendant acknowledges that such designations are not dispositive with respect to public access.

However, the standing designations of such materials, and Plaintiff's submission of such materials prior to resolution of disputes by the Court, militate in favor of restriction.

### a. References to Dr. Barry Platnick's prior disciplinary history should be restricted.

In the depositions of Jill Damman, Sheila Paukert, and Vanessa Vargas, Plaintiff inquired into Dr. Barry Platnick's prior disciplinary history. *See* Exhibit D at 1-12 (excerpting pertinent quotations for restriction). In June, 2019, Plaintiff conducted an investigation into Dr. Platnick. Defendant terminated Plaintiff because she falsely reported to her coworkers and supervisor that she had interviewed Dr. Platnick in the course of her investigation. While the facts surrounding Plaintiff's investigation are directly pertinent to this case, Dr. Platnick's disciplinary history is not.

Plaintiff has argued throughout this case that Dr. Platnick's disciplinary history is relevant to Plaintiff's theory of the case. *See, e.g.,* ECF No. 55 at 9 (discussing the alleged relevance of allegations against Dr. Platnick). However, the Special Master, Magistrate Judge, and Article III Judge have each evaluated Dr. Platnick's role in this case and concluded that his disciplinary record is not at issue. *See* ECF Nos. 86, 111, 127. In particular, Judge Domenico noted that: "Dr. Platnick's primary relevance to this case appears to depend more on his role as a target of Ms. Nichols' investigation and as a witness regarding her allegedly false representations to her supervisors concerning that investigation as the Special Master and Judge Mix found." ECF No. 127 at 5. This is borne out in the summary judgment briefing where Plaintiff half-heartedly references Dr. Platnick as a relevant comparator, without discussing differences in the pertinent conduct, supervisors at issue, or job duties. *See* ECF No. 146 at 18-19.

In light of the sensitive nature of these records, the requirements under Local Rule 7.2(c) are met. First, the privacy interests at play here outweigh the ordinary presumption of public access.

Dr. Platnick has significant privacy interests in his human resource documents, which is precisely why the Tenth Circuit has restricted cavalier discovery into such materials. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008). In contrast, the public has little interest in such materials. Tangential evidence submitted on summary judgment can be subject to restriction if it has no bearing on the merits of the dispute presented to the Court. *See Ruiz v. Woodward, Inc.*, 2019 U.S. Dist. LEXIS 217211, at *40 (D. Colo. Dec. 18, 2019) (discussing "tangential record" and finding "that the public interest in access to this exhibit is minimal and that [the plaintiff's] privacy interest in not disclosing his medical information overcomes the public interest); *see also Riker*, 315 Fed.Appx. at 755 (where document "play[s] only a negligible role in the performance of Article III duties," the weight given to the public interest in access is low).

The disclosure of these materials also has the capacity to create reputational harm for Dr. Platnick. Because this case has only tangential involvement with Dr. Platnick, the evidence at issue is cursory, half-explained and only partly remembered by the relevant witnesses. References to his disciplinary history have the potential to create misleading impressions in the public eye and in the eyes of his colleagues. While some references are somewhat innocuous – for example discussions of annual training requirements – others have the potential to affect Dr. Platnick's reputation, which is entirely unwarranted.

Defendant has identified the specific language it seeks to restrict in the attached Exhibit D. The proposed restricted versions of the excerpted deposition exhibits balance the public interest in understanding the merits of Plaintiff's claims with Dr. Platnick's privacy interests. Defendant does not desire to create a side show related to defending the merits of irrelevant complaints – nor to have

a third party attempt to assert a right to do so. This case is ultimately about Plaintiff's termination and Plaintiff has made no showing that Dr. Platnick is a pertinent comparator.

### b. References to anonymous complaints against Sheila Paukert should be restricted.

Defendant has also submitted an exhibit collecting anonymous complaints submitted against Sheila Paukert. ECF No. 146-16. These records are inadmissible and irrelevant to the matter before the Court.

To begin, the records in question are inadmissible hearsay. Each of the records contained in ECF No. 146-16 are anonymous complaints. The only purpose for which they *could* be offered would be to attempt to suggest to a jury that the substance of such complaints – several of which refer to the entirety of Denver Health's human resources department – are true. That is textbook hearsay. *See Rosencutter v. Mercedes-Benz USA, LLC*, 2018 U.S. Dist. LEXIS 200966, at *9 (N.D. Okla. Nov. 28, 2018) (excluding anonymous complaints as hearsay because they asked the jury to assume the substance of the complaints were true). This is not a supervisory liability case and there are no issues of notice to Denver Health regarding such complaints. Because the records are inadmissible hearsay, the public can have no significant interest in accessing such materials.

In addition, Ms. Paukert herself did not make the decision to terminate Plaintiff. Jill Damman conducted the entire investigation into Plaintiff's alleged wrongdoing – there is no allegation, for instance, that Ms. Paukert interviewed any witnesses – and both Jill Damman and Sheila Paukert have testified that Jill Damman made the decision to terminate Plaintiff. Defendant acknowledges that Plaintiff has attempted to manufacture a dispute over this matter at summary judgment, but Plaintiff's only argument is that Sheila Paukert, Jill Damman's direct supervisor, discussed the issue with her subordinate and stated to Jill Damman "Recommend that you have term

meeting this afternoon." *See* ECF No. 146 at 9.  These allegations do not make Sheila Paukert a decisionmaker.  Complaints against Sheila Paukert do not establish pretext or any other pertinent element of Plaintiff's claims in light of the undisputed facts.[3]

In light of the inadmissible nature of the anonymous complaints, Ms. Paukert's tangential role in Plaintiff's termination, and the irrelevance of the complaints to any materials fact, the public interest in the anonymous complaints is minimal.  *Riker*, 315 Fed.Appx. at 755.  Balanced against the public interest is a substantial risk of unjustified harm to Ms. Paukert's professional reputation. The records in question have each been investigated and found to be unsubstantiated.  The records submitted by Plaintiff provide a partial – and inaccurate – view of Ms. Paukert's history at Denver Health.

## V.     CONCLUSION

Accordingly, Defendant requests that the Court maintain the level-1 restriction on  ECF Nos. ECF Nos. 146-9, 146-10, 146-15, and 146-16.  The Court should permit public access to Exhibits A, B and C.

---

[3] It is worth briefly noting that, in addition to being anonymous, all but two complaints post-date Plaintiff's termination and appear to be related to gossip around Plaintiff's termination.  The circular suggestion that complaints related to Plaintiff's termination would support pretext is untenable.

Dated this 30th day of December, 2020.

        */s/Benjamin W. Hudgens*_____
        Alice Conway Powers, Esq.
        Benjamin W. Hudgens
        Jon Olafson
        LEWIS BRISBOIS BISGAARD & SMITH LLP
        1700 Lincoln Street, Suite 4000
        Denver, Colorado 80203
        (720) 292-2028 (direct)
        (303) 861-7767 (fax)
        Alice.powers@lewisbrisbois.com
        Jon.Olafson@lewisbrisbois.com
        Benjamin.Hudgens@lewisbrisbois.com
        www.lewisbrisbois.com

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/Benjamin W. Hudgens

## CERTIFICATE OF SERVICE

       I hereby certify that on this 30th day of December, 2020, a true and correct copy of the foregoing was served via CM/ECF system which will send notification of the filing to the following:

Merrily S. Archer, Esq., M.S.W.
EEO Legal Solutions LLC
600 17th Street, Suite 2800-S
Denver, CO 80202
archerm@eeolegalsolutions.com

                                              */s/ Benjamin W. Hudgens*
                                              A duly signed original is on file at the Law Offices of LEWIS BRISBOIS