IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:19-cv-02818-DDD-KLM

CAROL NICHOLS,

 Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,

 Defendant.

---

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE MIX'S RECOMMENDATION (DOC. 153) AND OVERRULING PLAINTIFF'S OBJECTIONS (DOC. 162)**

---

 Before the court is Plaintiff's Objections (Doc. 162) to Magistrate Judge Mix's December 23, 2020 Recommendation (Doc. 153) denying Plaintiff's motion to proceed in forma pauperis. Plaintiff objects, arguing that special master costs imposed on her should instead be waived or covered by the Administrative Office of the United States Courts. For the reasons set forth below, Magistrate Judge Mix's Recommendation is accepted and adopted, and Plaintiff's objections are overruled.

## LEGAL STANDARD

 Upon appeal of a Magistrate Judge's non-dispositive ruling, the District Court only sets aside any part of that ruling "that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous prong obligates setting aside a ruling only where the district judge has a "definite and firm conviction that a mistake has been committed" with regard to factual findings. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). The "contrary to law" analysis permits

- 1 -

*de novo* review of purely legal determinations. *See Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D.N.M. 1998).

## DISCUSSION

The facts of this employment discrimination case are familiar to the parties and the court, so the court will not re-state them in detail here. Judge Mix previously referred this case to a Special Master after several contentious discovery disputes arose. (*See* Doc. 74.) The court recently affirmed the Special Master's and Judge Mix's orders allocating special master fees for adjudication of a motion to compel and a motion for sanctions. (Doc. 127.) In that order, the court noted that the Special Master's and Judge Mix's decision to allocate 75% of the fees for adjudicating the relevant motions to Ms. Nichols was appropriate under Federal Rule of Civil Procedure 53(g)(3). The court found that the allocation properly accounted for Ms. Nichols's means, the amount of the controversy, and Ms. Nichols's responsibility for reference of the matter to the Special Master: the factors listed in that rule. (*Id.* at pp. 6–7.)

Ms. Nichols has now filed a motion to proceed in forma pauperis, invoking 28 U.S.C. § 1915, and claiming indigence. (Doc. 117.) That statute grants courts authority to allow "commencement, prosecution or defense" of a lawsuit without payment of fees by any "*person* who submits an affidavit that includes a statement of all assets such *prisoner* possesses that the *person* is unable to pay such fees or give security therefor." *Id.* § 1915(a)(1) (emphasis added). A subsequent section of the statute listing the fees covered by the statute makes no mention of "persons" or "prisoners." *Id.* § 1915(c). Circuit courts have addressed the statute's inclusion of both "persons" and "prisoners" in § 1915(a)(1), holding that the inclusion of the word "prisoners" was an "oversight." *See Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (internal citation omitted). The

Tenth Circuit has adopted this reasoning, holding that non-prisoners may apply for in forma pauperis status if they otherwise comply with the affidavit requirements in § 1915(a)(1). *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013). Although Ms. Nichols is not a prisoner, that fact alone does not bar her from seeking in forma pauperis status.

But because this lawsuit has already "commenced," Ms. Nichols appears to seek permission to proceed with "prosecution" of this suit "without prepayment of fees." 28 U.S.C. § 1915(a)(1). Ms. Nichols appears to argue that the allocated special master costs, and possibly her own expert costs,[1] qualify as "fees" that she need not "prepay" under the statute. *Id.* This request does not fit squarely within any of the circumstances where the statute would govern. She has already commenced this suit, and any failure to pay fees to a privately-retained expert or to pay her share of special master fees has not barred her from prosecuting this suit. The statute typically applies to the commencement of a lawsuit when a court must decide whether a plaintiff may proceed without paying initial filing fees. *See Lister*, 408 F.3d at 1310–11.

Ms. Nichols also has cited no authority for her claim that this statute covers special master costs or expert witness costs. Indeed, the statute "does not authorize the federal courts to waive or order payment of witness fees for a civil litigant proceeding in forma pauperis." *Hooper v. Tulsa Cty. Sheriff Dep't*, 113 F.3d 1246 (10th Cir. 1997) (unpublished decision borrowing this rule adopted by "every circuit considering this

---

[1] Plaintiff cited her $30,000 in expert fees in her motion but appears to have abandoned seeking reimbursement for that in her objections to Judge Mix's order.

- 3 -

issue"). And the statute lists in detail what types of fees may be waived, including transcript and recording fees. 28 U.S.C. 1915(c). There is no mention of special master costs in the statute. *See id.*

In the context of special master costs, a party's indigence is accounted for when allocating those costs pursuant to Federal Rule of Civil Procedure 53(g)(3), which expressly directs courts to account for the parties' means. The Special Master, Judge Mix, and this court all weighed the factors listed in that rule and concluded that a 75% allocation of costs to Ms. Nichols was appropriate. The court will not reconsider that issue which has already been adjudicated by three separate decision-makers who all reached the same conclusion.

Judge Mix properly recommended denying the motion on other grounds too. Judge Mix found that Ms. Nichols had not met her burden to demonstrate a financial inability to pay filing fees, citing her average monthly income of $3,818 (and an expected income in December 2020 exceeding $5,000) which exceeds her mandatory and discretionary monthly expenses. (Doc. 153 at pp. 3–4.) The court defers to these factual findings which are certainly not "clearly erroneous" and finds that Judge Mix correctly applied the law in denying Ms. Nichols's request. Ms. Nichols's argument that the court should consider the amount of the special master costs, which exceed typical filing fees, is unavailing because she has cited no authority allowing a court to waive such costs pursuant to 28 U.S.C. § 1915.

## CONCLUSION

Ms. Nichols's Objections (Doc. 162) to Judge Mix's Recommendation (Doc. 153) are OVERRULED. The court ACCEPTS and ADOPTS

- 5 -

Judge Mix's recommendation (Doc. 153) and DENIES Ms. Nichols's Motion to Proceed In Forma Pauperis (Doc. 117).

DATED: January 7, 2021  BY THE COURT:

_____
Hon. Daniel D. Domenico