IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02818-DDD-KLM

CAROL NICHOLS,

    Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Re-filed FRCP 53(f)(3) Objections to the Special Master's Order Improperly Restricting the Public Record and Enforcing Disputed Material Contract Terms** [#138][1] (the "Objection"). Defendant filed a Response [#151] in opposition to the Objection [#138].

Plaintiff filed the Objection [#138] to the Special Master's Order on Pending Motions Re: Designated Restrictions on Discovery Documents and Stipulated Protective Order [#110] (the "Order") with respect to Defendant's Motion to Restrict [#73] and Plaintiff's Motion to Withdraw from Stipulated Protective Order Due to Defense Abuse [#80] (the "Motion to Withdraw"). The Motion to Restrict [#73] concerned, in short, Defendant's request that certain portions of Plaintiff's publicly-filed documents should not be publicly

---

[1] "[#138]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

available.  The Motion to Withdraw [#80] concerned Plaintiff's request to "withdraw" from the Protective Order [#34] entered by the Court on March 17, 2020.  The Special Master granted the Motion to Restrict [#73] and denied the Motion to Withdraw [#80].  Order [#110] at 1.  Plaintiff's Objection [#138] to the Special Master's Order [#110] essentially raises two arguments, but the Court finds both to be without merit.

First, Plaintiff argues that "the Special Master ignored a bona fide contract dispute regarding the meaning of the 'non-interested third party witnesses to which the parties' Stipulated Protective Order (SPO) applies, *as a threshold matter* . . . ."  Objection [#138] at 2.  Although true that the Special Master did not directly rule on this issue, there was no need for her to do so because she found that the Motion to Restrict [#73] should be granted on other grounds.  Order [#110] at 7-10.  The Special Master ruled that Plaintiff waived the right to object to Defendant's confidentiality designations by failing to follow the Protective Order's procedures (as agreed to by Plaintiff and Defendant and subsequently made an Order of the Court) and, alternatively, that the public has no right of access to discovery documents when utilized outside of the context of dispositive motions/issues in the case. *Id.*  Although Plaintiff clearly disagrees with the resolution of the Motion to Restrict [#73], Plaintiff has not directly and specifically argued how the Special Master erred in these rulings.  The Court's own de novo review has discovered no obvious error here either.[2]

Second, Plaintiff argues that the Special Master "improperly shifted the burden under D.C.COLOLCivR. 7.2(a) to the party (i.e. Plaintiff) *not* seeking to restrict the record, both

---

[2] The Court takes no position on whether compliance with the Protective Order's procedural safeguards would have ultimately changed the outcome of this dispute.

financially and practically." *Objection* [#138] at 2. Although it is true that Local Rule 7.2 places the ultimate burden for restriction on the party seeking restriction, nothing in this rule overrides Plaintiff's burden to follow Court orders, including the Protective Order [#34], regarding how to bring restriction disputes to the Court's attention, and there is certainly nothing in the rule that permits Plaintiff to publicly file documents properly labeled as confidential before the issue of whether that designation is proper can be resolved by the Court. The Court finds nothing in the Special Master's Order which improperly shifted Rule 7.2's burden as to why any particular document should be restricted from Defendant to Plaintiff.

On a final note, the Court addresses Plaintiff's footnoted statement that "Plaintiff did not object to DHHA's confidentiality designations of documents disclosed in early May 2020 for two simple reasons: . . . (2) the Magistrate Judge signaled at the December 2019 Scheduling Conference that she would appoint a private Special Master at this first hint of discovery conflict . . . ." *Objection* [#138] at 3 n.2. In preparation for drafting this Order, the Court listened to the audio recording of the Scheduling Conference held on December 4, 2019. *See* [#16]. Although there was a lengthy discussion about bifurcating discovery and staying discovery pending a decision on bifurcation, the phrase "special master" was never mentioned, and there appears to be no hint in any statement by the Court which could be construed explicitly or implicitly that a Special Master would be appointed "at [the] first hint of discovery conflict." Thus, it would appears that Plaintiff's counsel's memory is faulty on this point.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Objection [#138] is **OVERRULED**.

Dated:  April 21, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge