IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02818-DDD-KLM

CAROL NICHOLS, on behalf of herself and similarly situated employees,

     Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,

     Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendant's **Motion to Restrict** [#159][1] (the "Motion"). Plaintiff filed a Response [#161] in opposition to the Motion, and Defendant filed a Reply [#164]. The Motion [#159] has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b) and D.C.COLO.L.CivR 72.1(c). For the reasons set forth below, the Motion [#159] is **GRANTED**.

     This dispute concerns four exhibits filed by Plaintiff in support of her Response [#146] to Defendant's Motion for Summary Judgment [#130]. *See* [#146-9, #146-10, #146-15, #146-16]. Pending resolution of this Motion [#159], the four exhibits at issue have been restricted at Level 1, which limits access to the parties and to the Court. D.C.COLO.LCivR 7.2(b).

---

[1] "[#159]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Order.

- 1 -

Here, Defendant asks to keep those restrictions and seeks leave to file redacted versions of three of the exhibits in the interest of providing maximum public access to the documents in light of the privacy interests of the individuals connected to those exhibits. *See* [#159-1, #159-2, #159-3].   The three exhibits which Defendant seeks to have redacted are the depositions of Jill Damman ("Damman"), Sheila Paukert ("Paukert"), and Vanessa Vargas ("Vargas").   *Motion* [#159] at 2-3 (citing [#146-9, #146-10, #146-15]). Defendant seeks to have them redacted to the extent they discuss prior disciplinary history of Dr. Barry Platnick ("Platnick").[2]  *Id.* at 5.  Defendant argues that this history is not "pertinent" and has the potential to affect Dr. Platnick's reputation.  *Id.* at 6.

Defendant seeks to have the fourth exhibit remain under full restriction.  *Id.* at 3. This exhibit is a collection of anonymous complaints related to Ms. Paukert.  *Id.* at 3 (citing [#146-6]).   Defendant argues that this exhibit is inadmissible and irrelevant and could harm Ms. Paukert's professional reputation.  *Id.* at 7-8.

Plaintiff, on the other hand, argues that "when a party places relevant evidence 'at issue' in the litigation . . . , those materials do not merit restriction in the public record." *Response* [#161] at 4.  She argues that Dr. Platnick and Ms. Paukert were substantially involved in the issues underlying this lawsuit and therefore evidence pertaining to them should not be restricted.  *See, e.g.*, *id.* at 5, 7.  In addition, Plaintiff argues that the

---

[2]  Specifically, Defendant seeks redaction of the following portions of Exhibit 9 [#146-9]: 134:3-12, 135:1-25, 136:1-12, 136:17-24, 137:10-14, 137:20-25.  Defendant also seeks redaction of the following portions of Exhibit 10 [#146-10]: 42:1-9, 42:14-25, 43:1-24, 44:1-25, 45:15-19, 73:23-25, 237:10-22, 239:18, 239:25, 240:1.  Finally, Defendant seeks redaction of the following portions of Exhibit 15: 65:17-25, 66:1-8, 66:20-25, 67:1-25, 68:1-25, 69:1-25.

Protective Order [#34] entered in this case does not apply to the information at issue and that the public interest nature of this litigation necessitates public access. *Id.* at 8-10.

"The Supreme Court has acknowledged a common law right of the public to access judicial records." *Slivka v. Young Men's Christian Ass'n of Pikes Peak Region*, 390 F. Supp. 3d 1283, 1287 (D. Colo. 2019) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system." *Slivka*, 390 F. Supp. 3d at 1287 (citing *In re Providence Journal Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002)). "There is a presumption that documents essential to the judicial process are to be available to the public, but they may be restricted when the public's right of access is outweighed by interests which favor non-disclosure." *Slivka*, 390 F. Supp. 3d at 1287-88 (citing *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997)). "The decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *2 (D. Colo. July 16, 2012) (citing *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

A motion to restrict access must (1) "identify the document or the proceeding for which restriction is sought"; (2) "address the interest to be protected and why such interest outweighs the presumption of public access"; (3) "identify a clearly defined and serious injury that would result if access is not restricted"; (4) "explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question"; and (5) "identify the level of restriction sought." D.C.COLO.LCivR 7.2(c).

Importantly, even if the documents at issue are subject to the Protective Order [#34] in this case, such designation by itself is insufficient, on its own, to justify public-access restriction. *See* D.C.COLO.LCivR 7.2(c)(2).

Neither Dr. Platnick nor Ms. Paukert are parties to this litigation. "[P]ersonnel files often contain sensitive personal information . . . , and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly." *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008). The deposition testimonies of Ms. Damman, Ms. Paukert, and Ms. Vargas are not personnel records, to be sure, but they discuss Dr. Platnick's records in detail. *See* [#146-9, #146-10, #146-15]. Neither party explicitly states that the fourth exhibit regarding anonymous complaints against Ms. Paukert is from her personnel file, although it could conceivably be. The closest either party comes to saying so is in the Reply in a section discussing this record, where Defendant states: "Under Plaintiff's theory the personnel records of any employee loosely involved in a disputed termination would be subject to airing out in public." *Reply* [#164] at 5.

The Court notes that, of Defendant's requested redactions, Plaintiff only specifically cites in her Response [#146] to Defendant's Motion for Summary [#130] to page 134 of Exhibit 9, to pages 42-45 and 237 of Exhibit 10, and pages 65-67 of Exhibit 15. Thus, Defendant's requested evidentiary redactions on pages 135-37 of Exhibit 9, pages 73, 23, and 239-40 of Exhibit 10, and pages 68-69 of Exhibit 15 do not appear to be directly at issue in the summary judgment briefing. Regardless, the Court is not inclined to delve into the relevance, materiality, admissibility, or "pertinence," of the information contained in the requested redactions, issues which the parties heavily argue in the briefs on the present Motion [#159]. Defendant's Motion for Summary Judgment

[#130] is pending before the District Judge, and such findings are all within his provenance as the adjudicator of that motion.  In other words, the Court will not make findings here which could somehow limit the District Judge's consideration of evidence before him on the dispositive motion.

The Court finds that, pursuant to D.C.COLO.LCivR 7.2, permitting Defendant's proposed redactions of deposition testimony and restriction of the anonymous complaints is the more prudent course of action at this time, especially given the Tenth Circuit Court of Appeals' caution regarding personnel records.  *See, e.g.*, *Regan-Touhy*, 526 F.3d at 648.  To be clear, the Court is *not* finding that such evidence cannot be referenced or used to the extent necessary in briefs, orders, or at trial, but only that, at this stage of the proceeding, the privacy interests of Dr. Platnick and Ms. Paukert outweigh the public's interest in the full release of this detailed information.  The Court further finds that Defendant's Motion [#159] satisfies the elements of D.C.COLO.LCivR 7.2(c) and, for the reasons stated above, that Defendant's proposed redactions and restriction provide the least restrictive means of protecting the information contained in the documents at issue. Moreover, in accordance with D.C.COLO.LCivR 7.2, the Motion [#159] was publicly posted to allow for any objections, and none besides Plaintiff's was filed.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#159] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court is **directed** to maintain the following documents **UNDER RESTRICTION at LEVEL 1**:

(1) Exhibit 9 [#146-9];

(2) Exhibit 10 [#146-10];

(3) Exhibit 15 [#146-15];[3]

(4) Exhibit 16 [#146-16];

(5) Exhibit 9 [#147-9];[4]

(6) Exhibit 10 [#147-10];

(7) Exhibit 15 [#147-15];

(8) Exhibit 16 [#147-16]; and

(9) Materials for Which Defendant Requests Restriction [#160].

IT IS FURTHER **ORDERED** that the Clerk of the Court is **directed** to remove all restriction from the following documents:

(1) Exhibit 1 [#146-1];

(2) Exhibit 2 [#146-2];

(3) Exhibit 3 [#146-3];

(4) Exhibit 4 [#146-4];

(5) Exhibit 5 [#146-5];

(6) Exhibit 6 [#146-6];

(7) Exhibit 7 [#146-7];

(8) Exhibit 8 [#146-8];

(9) Exhibit 11 [#146-11];

(10) Exhibit 12 [#146-12];

---

[3] The redacted versions of Exhibits 9, 10, and 15 are at Docket Nos. 159-1, 159-2, and 159-3, respectively.

[4] The Court notes that all of Plaintiff's exhibits in support of her Response [#146] to Defendant's Motion for Summary Judgment [#130] were duplicated on the docket at Docket Nos. 146 and 147, and therefore the Court orders restriction, or the removal of restriction, from both copies.

(11) Exhibit 13 [#146-13];

(12) Exhibit 14 [#146-14];

(13) Exhibit 17 [#146-17];

(14) Exhibit 18 [#146-18];

(15) Exhibit 19 [#146-19];

(16) Exhibit 20 [#146-20];

(17) Exhibit 21 [#146-21];

(18) Exhibit 22 [#146-22];

(19) Exhibit 23 [#146-23];

(20) Exhibit 24 [#146-24];

(21) Exhibit 25 [#146-25].

(22) Motion to File Summary Judgment Response Exhibits Under Seal [#147];

(23) Exhibit 1 [#147-1];

(24) Exhibit 2 [#147-2];

(25) Exhibit 3 [#147-3];

(26) Exhibit 4 [#147-4];

(27) Exhibit 5 [#147-5];

(28) Exhibit 6 [#147-6];

(29) Exhibit 7 [#147-7];

(30) Exhibit 8 [#147-8];

(31) Exhibit 11 [#147-11];

(32) Exhibit 12 [#147-12];

(33) Exhibit 13 [#147-13];

(34) Exhibit 14 [#147-14];

(35) Exhibit 17 [#147-17];

(36) Exhibit 18 [#147-18];

(37) Exhibit 19 [#147-19];

(38) Exhibit 20 [#147-20];

(39) Exhibit 21 [#147-21];

(40) Exhibit 22 [#147-22];

(41) Exhibit 23 [#147-23];

(42) Exhibit 24 [#147-24]; and

(43) Exhibit 25 [#147-25].

Dated:  April 23, 2021

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge