**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02818-DDD-KLM

CAROL NICHOLS, on behalf of herself and
similarly situated employees,
Plaintiff(s),
v.
DENVER HEALTH AND HOSPITAL
AUTHORITY,
Defendant.

**ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFF FOR VIOLATIONS OF PROTECTIVE ORDER**

ENTERED BY SPECIAL MASTER JANE G. EBISCH, ESQ.

This matter is before the Master pursuant to the Order Appointing Master for Discovery dated August 11, 2020 [#74].  The Magistrate Judge referred the following motion, among others, to the Master:  Defendant's Motion for Sanctions for Repeated and Intentional Violations of Protective Order [#177] ("Motion for Sanctions").

The Special Master has reviewed the briefing for the pending motion as well as the applicable case law and has considered the entire docket.  Oral argument would not materially assist in the resolution of these motions.  For the following reasons, the Special Master GRANTS Defendant's Motion for Sanctions and recommends that the Court fine Plaintiff $250 plus payment of Defendant's attorney's fees for preparation of the Motion for Sanctions and Reply.

    **I.    BACKGROUND**

On March 13, 2020, the parties in this matter filed a Joint Motion for Entry of Stipulated Protective Order [#31].  In their motion, the parties, through their attorneys, stated that they "agreed to abide by the terms of the attached Protective Order . . .."  They asked that it be made

an Order of the Court. The Court complied. On March 17, 2020, the Joint Stipulated Protective Order [#34] ("Protective Order") was issued by the Court.

"The starting point for interpretation of a protective order lies in its plain language." *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010). Additionally, D.C.COLO.LCivR 7.2(a) specifically provides: "*Unless restricted by . . . court order, the public shall have access to all documents filed with the court and all court proceedings*" (emphasis added).

The Protective Order provides a process for designating material, which otherwise is publicly accessible, that a party deems to be confidential or for attorneys' eyes only. Protective Order, Section E. [#34] Likewise, the Protective Order provides a process for challenging the opposing party's confidentiality designation. Protective Order, Section I. [#34] The courts recognize the value of blanket protective orders where, in the first instance, the parties themselves (and not the court) police the dissemination of information by designating information entitled to protection as confidential. *Gillard v. Boulder Valley School District RE-2*, 196 F.R.D. 382 (D.Colo. 2000)

Within months after stipulating to it and its being made an Order of this Court, Plaintiff challenged the validity of the Protective Order. On August 28, 2020, Plaintiff filed a Motion to Withdraw from Stipulated Protective Order Due to Defense Abuse ("Motion to Withdraw) [#80]. The Special Master denied the Motion on October 29, 2020 [#110]. On December 4, 2020, Plaintiff appealed the Special Master's October 29, 2020 Order by filing Plaintiff's Re-Filed FRCP 53(F)(3) Objections to The Special Master's Order Improperly Restricting the Public Record and Enforcing Disputed Material Contract Terms [#138]. Magistrate Judge Mix

overruled Plaintiff's objection in her Order dated April 21, 2021 [#173]. Plaintiff has filed an appeal of the April 21, 2021 Order [#184]. That appeal remains pending.

## II. DOCUMENTS DESIGNATED BY DHHA AS ATTORNEYS' EYES ONLY AND BACKGROUND OF DISCLOSURE

Plaintiff admits that this matter involves three documents which were designated by Defendant DHHA for "Attorneys' Eyes Only" pursuant to the Protective Order, paragraph E [Response, #188, p. 3](the "Attorneys' Eyes-Only documents"). They are:

1. October 2015, Job Changed (DENVER HEALTH_000095);
2. Sheila Paukert, HIPPA violation (DHHA017474-77)
3. Culture of Retaliation (DHHA017478-91)

In its Motion for Sanctions, Defendant claims that these three documents were produced to DHHA counsel in a separate litigation matter, and also "to counsel for an individual former employee no longer associated with Denver Health." Motion, p. 4 [#177]. Plaintiff admits that she disclosed the above-referenced Attorneys' Eyes-Only documents on April 14, 2021 to attorneys who are not "Counsel of Record" in this case, as that is defined in the Protective Order, Section A.(7) [#34][Response, P. 3, #188].

Plaintiff claims the Court should deny Defendant's Motion for Sanctions for the following reasons:

1. Plaintiff's counsel represents two different individual plaintiffs in cases against DHHA: Ms. Nichols in the present case, and Mr. Houchin in a case filed in Denver district court: *Houchin v. DHHA*. [Response, p. 2, #188]("the *Houchin* case"). Plaintiff claims that both matters "involve similar playbooks" of discrimination. *Id*. Plaintiff admits that she disclosed the Attorneys' Eyes-Only documents as C.R.C.P. 26 Disclosures to Brent Johnson, Esq., of the Fairfield and Woods law firm. Mr.

3

Johnson and his law firm are DHHA defense counsel in the *Houchin* case. According to Plaintiff, the documents were relevant "pretext evidence" in the *Houchin* case. [*Id.*]. Plaintiff mentions nothing about her disclosure to the law firm Wilson Elser Moskowitz Edelman & Dicker, LLP, mentioned specifically for the first time in DHHA's Reply. In her Response, Plaintiff does not deny that she disclosed the same documents to counsel for a former DHHA employee (though not specifically named in the Motion for Sanctions) in the *Houchin* case;

2. Plaintiff's counsel claims she advised DHHA defense counsel Johnson in the *Houchin* case that the documents she was producing in the *Houchin* case were designated as Attorneys' Eyes-only documents pursuant to the Protective Order in the *Nichols* case [Response, p. 3, #188]. Obviously, she recognized their confidential status. She "reminded them [Johnson] that they are Attorneys and that they also represent DHHA" [*Id.*]. She "urged" them to respect the "Attorneys' Eyes Only" designation placed on the documents pursuant to the Protective Order in the *Nichols* federal court case [Response, p. 4, #188]. Plaintiff again mentions nothing about her disclosure of documents to counsel for a former DHHA employee (the law firm Wilson Elser Moskowitz Edelman & Dicker, LLP), or what she communicated to that attorney when disclosing the confidential documents;

3. Plaintiff claims she can and will request the same Attorneys' Eyes-Only documents in discovery in the *Houchin* case, where, according to Plaintiff, the documents will not be subject to a Protective Order because "Plaintiff will not stipulate to any general protective order anymore" [Response, p. 4, #188];

4

4. Plaintiff claims she timely objected to DHHA's designation of the above-referenced documents as "Attorneys' Eyes Only." She claims DHHA "made no effort to confer" about the objections as required and did not petition the tribunal for a determination regarding the validity of the confidentiality designation [Response, p. 5, #188];

5. Plaintiff has continually and consistently filed for relief from enforcement of the terms of the Protective Order [Response, p. 7, #188].

### III.     ANALYSIS OF PLAINTIFF'S DEFENSES

Plaintiff does not allege that the Attorneys' Eyes Only documents she disclosed were given to a person who fits within one of the categories on the list of permitted individuals in the Protective Order. The record establishes that neither Mr. Johnson nor his firm, Fairfield and Woods, has entered an appearance in this litigation, and they are not counsel of record. Neither is the law firm Wilson Elser Moskowitz Edelman & Dicker, LLP counsel of record in this case.

However, DHHA does not dispute that Mr. Johnson and Fairfield and Woods represent DHHA, although in a different matter in a different court. In their Reply, Defendant also notes that Plaintiff produced the documents to the law firm Wilson Elser Moskowitz Edelman & Dicker, LLP, which represents a former DHHA employee, Tim Hansen, in the *Houchin* matter. Nowhere in her Response does Plaintiff address this Protective Order violation.

Additionally, Plaintiff claims that she timely objected to the Attorneys' Eyes-Only designation on the documents and that her objection went unaddressed, thus de-designating the confidential documents. The Protective Order [#34], paragraph 30, provides that all challenges to the propriety of confidential or confidential Attorneys' Eyes-Only designations have to be made no later than 30 days after the material is provided, must be in a written notice serve on all parties, and must identify with particularity the material the receiving party claims should be

differently designated.  If the disagreement is not resolved within 14 calendar days after the producing party receives notice of the challenge, the burden is on the producing party to file a motion with the court to resolve the dispute.  If the producing party fails to make such a motion within the prescribed time period, then the designated material loses its designation. *Id*.  The procedure is explicit and uncomplicated.  No evidence exists that it was followed by Plaintiff.

Plaintiff asks the Court to wade through her voluminous e-mail communications to discern her objection, claiming it exists in an e-mail dated October 21, 2020. [Response, p. 5]. The Special Master concludes that the e-mail [#188-2] and the follow-up communications that constitute the alleged "objection' show the following with regard to the documents labeled as Attorney's Eyes Only at issue in this motion:

1. October 2015, Job Changed (DENVER HEALTH_000095):  Plaintiff makes no mention of it in the October 21, 2020 e-mail;

2. Sheila Paukert, HIPPA violation (DHHA017474-77): Plaintiff states: 1) she will not challenge redactions made on the documents; 2) counsel cannot withhold information from her client; and 3) counsel has "no intention to seek to restrict these documents if appended to a pleading, particularly a dispositive one;"

3. Culture of Retaliation (DHHA017478-91):  Plaintiff includes DHHA017478-81 in the same objections stated for DHHA017474-77 above.  Plaintiff states no objection to DHHA017478-91 in this e-mail.

Because some of the documents that Plaintiff later disclosed to Fairfield and Woods, P.C. and to Wilson Elser Moskowitz Edelman & Dicker, LLP are not mentioned in the October 21, 2020 e-mail referenced by Plaintiff, the Plaintiff's claim that she properly challenged the Attorney's Eyes-Only designation has no basis.  Even with regard to the specific reference in the

6

October 21, 2020 e-mail to DHHA7474-77 and DHHA17478-81, Plaintiff has failed to establish a clear and specific objection to the Attorney's Eyes-Only designation on those particular documents.

Plaintiff mentions her over-all unhappiness with the Protective Order, discloses that because of a "glitch" in her system, she had not located certain documents for more than four months after they were delivered; and communicates that she wants her client to see the documents, which defense counsel then informs is allowed under the terms of the Protective Order. [#188-2]. The evidence supporting Plaintiff's defense that the burden shifted to Defendant to obtain a ruling from the Court regarding the Attorney's Eyes-Only confidentiality designation to keep the documents' confidentiality designation in place falls far short of being persuasive.

The Special Master finds that the Plaintiff's remaining "defenses" to her actions are, in fact, no defense. Plaintiff's claim that she will refuse to enter into a Protective Order in *Houchin v. DHHA* in Denver district court, thus supposedly assuring that the documents would be nonconfidential in that case, is meaningless: The Court may enter a protective order over Plaintiff's objection. Plaintiff's relentless complaining about the Protective Order in this case does not provide her with *carte blanche* to violate it. It remains an Order of this Court, and court orders are to be obeyed.

In this case, the Protective Order [#34] specifically limits public access to the documents Defendant designated as confidential. Plaintiff ignored the confidentiality designation by distributing documents to individuals other than counsel of record in this case. The terms of the Protective Order are plain. This dispute does not require any interpretation of the meaning of that Order. "Attorneys' Eyes Only" documents are subject to the terms set forth in section D,

7

¶21, of the Protective Order [#34, p. 7].  The definition of "counsel of record" is set forth in the Protective Order, section A., ¶7.  Plaintiff's disclosure was a violation of the Protective Order.

### IV.   SANCTIONS FOR PLAINTIFF'S VIOLATION OF THE PROTECTIVE ORDER

In its request for sanctions against Plaintiff and her counsel, Defendant references the variety of sanctions available pursuant to Fed.R.Civ.P. 37.  It asks that the Court order:  1) that Plaintiff is prohibited from the use of the documents disclosed in violation of the Protective Order; 2) a sanction imposed against Plaintiff's counsel individually; 3) for an Order requiring that Plaintiff pay Defendant's attorney's fees and costs related to the pending motion and Defendant's actions to cure the unauthorized disclosure.  Response, pp. 11-12 [#177].

The Special Master recommends that the Court find that Plaintiff is in civil contempt of court by acting in disregard of the terms of the Protective Order.  A district court enjoys "broad discretion in using its contempt power to require adherence to court orders." *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1209 (10th Cir. 1992); *Ross v. University of Tulsa*, 225 F.Supp.3d 1254, 1264 (2016).  A moving party must prove liability for civil contempt by "clear and convincing evidence." *O'Connor v. Midwest Pipe Fabrications Inc., supra*. at 1210. A violation need not be willful to result in a finding of civil contempt. *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).

Here, the Special Master finds clear and convincing evidence that the Plaintiff produced designated Confidential, for Attorneys' Eyes-Only documents to counsel for DHHA and to counsel for a former employee of DHHA in the Denver district court's *Houchin* case, which documents were limited for viewing to counsel of record in this case.  Plaintiff failed to take the simple step of first informing counsel of record in this case of her intention to do so.  Plaintiff did not provide an explanation as to why she thought the disclosure would be harmless, nor did she

8

request acknowledgment and consent of counsel of record in this case. *See Ross v University of Tulsa, supra* at 1268.

Sanctions for civil contempt may be employed for two remedial purposes: 1) to coerce obedience to a court order; or 2) to compensate the complainant for injuries resulting from non-compliance with a court order. *Id., citing O'Connor, supra* at 972 F.2d at 1211; and *Home Design Servs., Inc. v. B & B Custom Homes, LLC*, No. CIV.A. 06–CV–00249WY, 2008 WL 927683, at *2 (D. Colo. Apr. 3, 2008)(explaining that civil contempt "has a remedial objective and seeks to compel compliance with a Court order for the benefit of the complainant").

Where a sanction is coercive, the court must consider the character and magnitude of the harm and the probable effectiveness of a suggested sanction in bringing about the desired result. *Ross*, 225 F.Supp. 3rd at 1268; *O'Connor*, 972 F.2d at 1211. Where a sanction is compensatory, the amount of the fine must be based on actual losses sustained as a result of noncompliance with the Court order. *Id*. "Actual losses" can include attorney's fees incurred in preparing a motion for contempt. *Kaufman v. Am. Family Mut. Ins. Co*., 601 F.3d 1088, 1091 (10th Cir. 2010) (affirming district court's sanction ordering attorney to pay fees incurred by opposing party in preparing motion for sanctions premised upon attorney's violation of protective order). The Special Master finds and recommends that minimal compensatory sanctions are appropriate here.

DHHA did not detail any harm that it suffered as a result of Plaintiff's violation of the Protective Order. Neither party informed this Court about whether either of them suggested a procedure in the state court case to maintain the designated confidentiality. Although Plaintiff's violation supports a finding of civil contempt, the fact that one of the attorneys that received the designated-confidential documents also is counsel for DHHA, though in a different case, mitigates any damage that might have been caused by Plaintiff's disclosure. DHHA's counsel in

the *Houchin* matter had the opportunity to take steps in the Colorado state court case, if necessary, to continue to protect the disclosed documents. No evidence was presented that DHHA felt compelled to take these steps, or that DHHA incurred costs to do so. Therefore, the Special Master recommends a minimal compensatory sanction be entered against Plaintiff.

For the foregoing reasons, and in accordance with the Order Appointing Master for Discovery, #74, IT IS RECOMMENDED as follows:

(1) The Court order that Plaintiff be held in contempt of court for disobeying the specific terms of the Protective Order, and that Plaintiff's counsel be ordered to pay a fine in the amount of $250.00. Additionally, Plaintiff's counsel should be ordered to pay DHHA's fees and costs for preparing the Motion for Sanctions and its Reply. Further, the Special Master recommends that the Court, employing the "coercive remedy" allowed for contempt of a court order, advise Plaintiff's counsel that any further violation of the terms of the Protective Order will result in more serious sanctions; and

(2) The Court deny the remaining requests for sanctions against Plaintiff and her counsel.

It is further ORDERED as follows:

Payment for the below-signed Special Master's fees and costs for work performed by the below-signed Special Master relating to the Defendant's Motion for Sanctions shall be paid equally by Plaintiff and Defendant. The reason is as follows: Although the Special Master found that Plaintiff was in violation of the terms of the Protective Order by disclosing three documents to attorneys who are not "counsel of record" in this case, no evidence exists that the disclosure was harmful to Defendant, other than the fact that it incurred attorney's fees to bring this violation to the attention of the Court. DHHA, in the *Houchin* case, presumably had the

ability to take steps to protect the confidentiality of the three documents in that case if it was necessary. No evidence was presented by either Plaintiff or Defendant in this case regarding DHHA's costs or efforts, success or failure, to recapture its confidentiality designation on those three documents disclosed to counsel of record in the *Houchin* case in state court. And no evidence was presented of how important the confidentiality of the documents was to DHHA. Indeed, copies of the documents at issue were not presented, sealed, to the Court to review as part of this Motion.

Defendant's Motion for Sanctions, instead, attempts to capitalize on what appears to have been a relatively benign disclosure, but which violated the strict terms of the Protective Order It requests drastic punishment, namely exclusion of evidence in this case. Counsel for both Plaintiff and Defendant have shown a continued inability to resolve issues amongst themselves, and their escalating discovery war on each other warrants an equal division of cost by the parties of the involvement of a Special Master to continue to read, review, research and write opinions deciding these on-going issues.

A statement detailing the Special Master's time and fees on this matter shall be forwarded directly to counsel for the parties.

DATED: August 2, 2021                  BY THE SPECIAL MASTER:

/s/ Jane G. Ebisch, Esq.