**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-02818-DDD-KLM

CAROL NICHOLS, on behalf of herself and
similarly situated employees,
Plaintiff(s),
v.
DENVER HEALTH AND HOSPITAL
AUTHORITY,
Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO DE-DESIGNATE MAY 2021 DIVERSITY, EQUITY AND INCLUSION REPORT**

---

ENTERED BY SPECIAL MASTER JANE G. EBISCH, ESQ.

This matter is before the Master pursuant to the Order Appointing Master for Discovery dated August 11, 2020 [#74]. The Magistrate Judge referred the following motion, among others, to the Master: Plaintiff's Motion to De-Designate as Confidential the May 2021 Diversity, Equity, and Inclusion Report of Nita Mosby Tyler, Ph.D. Under the Parties' Contested "Stipulated" Protective Order [#192] ("Motion to De-Designate").

The Special Master has reviewed the briefing for the pending motion as well as the applicable case law and has considered the entire docket. Oral argument would not materially assist in the resolution of these motions. For the following reasons, the Special Master DENIES the Motion to De-Designate.

**I.    BACKGROUND**

On March 13, 2020, the parties in this matter filed a Joint Motion for Entry of Stipulated Protective Order ("Protective Order")  [#31]. The Protective Order recognizes, in its introduction, that Defendant Denver Health and Hospital Authority ("DHHA") is subject to the

Colorado Open Records Act (CORA), §24- 72-200.1, C.R.S. (2019) et seq. as a "local government financed entity" and has specific open records obligations under C.R.S. § 25-29-109, as recently modified by C.R.S. § 25-29-109.  The Protective Order governs the parties' actions with regard to designations of confidentiality of documents exchanged during discovery or during the pendency of this case.  *See , e.g.,* Protective Order, paragraph 17.

In her Motion to De-Designate, Plaintiff references a Diversity, Equity and Inclusion report ("DEI report") which has not been produced in this litigation, and which Plaintiff has not seen. Plaintiff claims that she has been informed by unnamed individuals who allegedly have seen it that the DEI report contains "scathing"  findings of DHHA's performance regarding diversity, equity and inclusion.  Motion to De-Designate, p. 2.  Plaintiff argues in her Motion that she is entitled to have a copy of the DEI Report, and that if and when she receives the DEI Report, DHHA's claim that the DEI Report is confidential must be denied.

In her Motion to De-Designate, Plaintiff argues that the unseen report is relevant to this case, is not protected by attorney-client privilege or work product privilege, is not confidential, and must be produced under Colorado's Open Records Act law, citing C.R.S. §25-29-109. Motion to De-Designate, pp. 7-11.  In its Response, DHHA argues that a determination of whether a confidentiality designation is appropriate for a document pursuant to the terms of the Protective Order contemplates production of the document first.  DHHA further responds to Plaintiff's arguments regarding privilege and claims that the DEI Report is privileged under the attorney-client and work product doctrines.  Response [#202], pp. 3-7.  DHHA argues that the DEI Report is not relevant because discovery has been completed in this case.

## II.   DE-DESIGNATION OF CONFIDENTIALITY OF A DOCUMENT NOT YET PRODUCED IN LITIGATION IS AN ISSUE NOT RIPE FOR DETERMINATION

The Special Master DENIES Plaintiff's Motion to De-Designate because it is not ripe. Ripeness is a prerequisite to justiciability with both constitutional and jurisdictional components. *See United States v. Bennett*, 823 F.3d 1316, 1325 (10th Cir. 2016).   The ripeness doctrine ensures that courts don't interfere with matters until they have progressed from "abstract disagreement" to a formal position.   *Farrell-Cooper Min. Co. v. U.S. Dep't of Interior*, 728 F.3d 1229, 1234 (10th Cir. 2013).

To determine whether a claim, or in this case, a motion, is ripe, it is evaluated for (1) its fitness for judicial resolution and (2) the hardship the parties would suffer if the court declined to decide the matter.   *See e.g., Planned Parenthood of Kansas v. Andersen*, 882 F.3d 1205, 1219 (2018).  In the present case, the DEI report has not been produced in this litigation.  Plaintiff has not filed a motion to compel it to be produced.  The determination of confidentiality is not ripe. To the court's knowledge, DHHA has not offered the DEI report as a supplemental disclosure pursuant to Fed.R.Civ.P. 26(e), either by producing it or by listing it as a supplemental disclosure that is privileged and confidential, as described on a privilege log.

The Protective Order provides a process for designating material, which otherwise is publicly accessible, that a party deems to be confidential or for attorneys' eyes only.  Protective Order, Section E.  [#34] Likewise, the Protective Order provides a process for challenging the opposing party's confidentiality designation.  Protective Order, Section I. [#34] The courts recognize the value of blanket protective orders where, in the first instance, the parties themselves (and not the court) police the dissemination of information by designating

information entitled to protection as confidential. *Gillard v. Boulder Valley School District RE-2*, 196 F.R.D. 382 (D.Colo. 2000).

Before a court can determine whether DHHA's claim that the DEI report should be maintained as confidential, the document must be produced, either voluntarily or by court order. The Special Master rejects Plaintiff's attempt to short-circuit the formal discovery process with regard to the DEI report by filing an inappropriate motion to de-designate confidentiality of a document that is not (yet) a part of this litigation. The parties are not likely to suffer any hardship by the decision to decline to address this matter, since it can be raised later.

For the foregoing reasons, and in accordance with the Order Appointing Master for Discovery, #74, it is ORDERED as follows:

The Plaintiff's Motion to De-Designate is denied without prejudice to renew the request if and when the DEI report is produced and if its status remains designated as confidential. Payment for the below-signed Special Master's fees and costs for work performed by the below-signed Special Master relating to the Plaintiff's Motion to De-Designate shall be paid by Plaintiff because Plaintiff failed to take steps to compel production of the DEI report. Instead, Plaintiff wasted time and expense by attempting to inappropriately back-door her position that she is entitled to production of the DEI report through her Motion to De-Designate.

A statement detailing the Special Master's time and fees on this matter shall be forwarded directly to Plaintiff's counsel.

DATED: August 27, 2021            BY THE SPECIAL MASTER:

/s/ Jane G. Ebisch, Esq.