IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02818-DDD-KLM

CAROL NICHOLS, on behalf of herself and other similarly situated employees,

    Plaintiff

v.

DENVER HEALTH AND HOSPITAL AUTHORITY,

    Defendant.

---

**PLAINTIFF'S MOTION TO RESTRICT EXHIBIT (DHHA 00095) to FRCP 72(a) APPEAL [ECF 240], LEVEL-1**

---

Plaintiff, Carol Nichols, by and through her undersigned counsel, Merrily Archer, Esq., M.S.W. of EEO Legal Solutions LLC, hereby moves to file Exhibit 1 to ECF 240, Plaintiff's FRCP 72(a) Appeal of the Magistrate Judge's erroneous Order [ECF 233], under Level-1 restriction pursuant to D.C.COLO.LCivR. 7.2. The Magistrate Judge [ECF 233] imposed $6,635 in defense fee sanctions, a $250 contempt citation, and more Special Master fees for disclosing Exhibit 1, an alleged "Attorneys Eyes Only" (AEO) document to Defendant Denver Health and Hospital Authority's (DHHA) other outside litigation counsel in *Houchin v. DHHA, Hansen*, Denver District Court, 17CV32286 (settled). Because Exhibit 1 contains only <u>public information</u> under §25-29-109, C.R.S. (2021), it does <u>not</u> satisfy D.C.COLO.LCivR. 7.2(c)'s standards for depriving the public access to documents in court proceedings, nor does it fall within the protections of the parties' Protective Order, ECF 34, ¶3. Given the drastic sanctions that the Magistrate Judge has

imposed upon an indigent Title VII/ADA plaintiff for disclosing alleged AEO documents DHHA's other outside counsel, however, Plaintiff files Exhibit 1 under seal to reconcile competing interests: (a) showing that Magistrate Judge's Order [ECF 233] rests on a false factual foundation; and (b) avoiding further sanctions for failing to follow the Protective Order re alleged AEO documents, *see* ECF 34, ℙ29.

**Certification of Compliance with D.C.COLOLCivR. 7.1(a):** In compliance with our duty to confer, the undersigned contacted DHHA counsel by email on 2/1/2022 to ascertain whether DHHA would object to filing Exhibit 1 (DHHA 00095) under seal. DHHA did not respond.

1. By Order dated 1/24/22, the Magistrate Judge upheld an Order of the Special Master [ECF 205, 8/2/21] imposing drastic sanctions against Plaintiff for allegedly disclosing three AEO documents to DHHA's other outside litigation counsel in a related discrimination matter, *Houchin v. DHHA, Hansen* under CRCP 26(a)(1) on 4/14/21. The Special Master claimed that Plaintiff "admitted" that these three documents bore AEO designations when she disclosed them. ECF 205, p3. DHHA waived AEO designations for *two* documents once designated as AEO by failing to comply with the Protective Order, as the Magistrate Judge corrected noted, ECF 233, pp 8-10.

2. Nevertheless, in that 1/24/22 Order, the Magistrate Judge also faulted Plaintiff for disclosing Exhibit 1 as an ostensibly AEO-protected document, on the ground that Plaintiff *believed* it was an AEO-protected document even if it was *not.* ECF 233, 8-10.

3. Exhibit 1, DHHA 00095, never bore an AEO designation, as the document itself shows. In fact, Exhibit 1, DHHA 00095 contains only salary information, which is public information under §25-29-109, C.R.S. (2021):

> The resolutions and other proceedings of the board of directors, minutes of the board meetings, annual reports and financial statements, certificates, contracts and financial agreements, <u>employee salaries</u>, and bonds given by officers, employees, and any other agents of the authority, and any personnel reports, guidelines, manuals, or handbooks, other than individual personnel files, <u>are a public record as defined in section 24-72-202 (6) and subject to part 2 of article 72 of title 24</u>.

§ 25-29-109, C.R.S. (2021) (emphasis added).

4. Indeed, the parties' Protective Order, ECF 34, ¶3, <u>expressly</u> does not apply to documents and information that are otherwise public record under §25-29-109, C.R.S. (2021).

5. Because the Magistrate Judge has relied on Exhibit 1 to sustain severe sanctions against Plaintiff, however, Plaintiff seeks to file it under restriction to (a) place the actual document—DHHA 0095 before the District Court for consideration with her FRCP 72(a) appeal; and (b) avoid further sanctions based upon Exhibit 1's mischaracterization as an AEO document.

6. In compliance with D.C.COLO.LCivR. 7.2(c), Plaintiff further:

(1) identifies Exhibit 1 to ECF 240, DHHA 00095, as the document for which she seeks.

(2) addresses herein her own interest in avoiding court sanctions and citations based upon the mischaracterization of Exhibit 1, DHHA 00095, as an AEO-protected document. Plaintiff further states the public already has access to this information upon request under §25-29-109, C.R.S. (2021).

(3) identifies her own potential serious injury if this document is not filed under seal. Although Exhibit 1, DHHA 0095, is not an AEO document meriting restriction in the public record nor is it subject to the Protective Order, Plaintiff fears that if she does not treat it as such by filing it under seal in conjunction with her FRCP 72(a) appeal, she will face further rebuke. Paragraph 29 of the parties' Protective Order [ECF 34], after all, requires Plaintiff to file all Exhibits appended to pleadings under Level 1 restriction. *See* ECF 34, ¶29.

(4) explains that filing Exhibit 1, DHHA 0095, serves the dual aims of (a) placing the actual document for which the Magistrate Judge has upheld sanctions against her before the District Court, refuting its characterization as AEO-protected, while (b) avoiding any additional motions and/or proceedings related to her compliance with the Protective Order. Again, the parties' Protective Order [ECF 34] requires Plaintiff to file alleged-AEO documents under Level-1 Restriction. ECF 34, ¶29.

(5) states that Level-1 protection should suffice for the document in question.

WHEREFORE, Plaintiff respectfully requests that the Court allow her to file Exhibit 1 to ECF 240 under Level-1 restriction pursuant to D.C.COLO.LCiv.R. 7.2(a) as part of her FRCP 72(a) appeal of the Magistrate Judge's 1/24/22 Order [ECF 233] imposing sanctions against Plaintiff for its disclosure to DHHA's other outside counsel.

Respectfully filed submitted this 7th day of February 2022.

s/ Merrily S. Archer
Merrily S. Archer, Esq., M.S.W.

EEO Legal Solutions LLC
Counsel for Nichols *et al*
600 17th Street, Suite 2800-South
Denver, Colorado 80202
(303) 248-3769 (direct)
(303) 915-5486 (text/cell)
archerm@eeolegalsolutions.com
www.eeolegalsolutions.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that she has served a copy of the foregoing document this 7th day of February 2022 through the Court's electronic filing system as follows:

Alice Conway Powers, Esq.
Jon Olafson, Esq.

Lewis Brisbois PC
1700 Seventeenth Street, Suite 4000
Denver, Colorado 80203
(720) 292-2028 (direct)
(303) 861-7767 (fax)
Alice.powers@lewisbrisbois.com
www.lewisbrisbois.com

5